UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENYATTA I. PATTON                                                                                          PLAINTIFF

VS.                                                                       CIVIL ACTION NO. 3:13cv474-DPJ-FKB

NISSAN NORTH AMERICA, INC.; and
JOHN DOES 1–5                                                                                          DEFENDANTS

ORDER

This personal-injury action is before the Court on Defendant Nissan North America's ("Nissan") Motion to Exclude James J. Hannah [35]. Because Plaintiff Kenyatta I. Patton has failed to establish that Hannah relied on sufficient facts and data to support his conclusions, Nissan's motion is granted.

I.      Facts and Procedural History

In general terms, Patton alleges that Nissan's employees negligently loaded his truck and that, as a result, the cargo shifted and caused the whole truck to roll over. He seeks compensation for his resulting injuries. To support his claims, Patton relies on the testimony of James J. Hannah, an accident reconstructionist. Nissan accepts Hannah's qualifications but moves to exclude his testimony because his opinions are not reliable. Mot. [35]. Patton responded [46], and Nissan filed a Reply [48]. The Court is prepared to rule.

II.     Standard of Review

The following oft-stated rules apply to the Court's gatekeeping role. To begin, "whether a proposed expert should be permitted to testify is case, and fact, specific." *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 194 (5th Cir. 2006). Moreover, the district court retains "'broad

latitude' both in deciding how to determine whether an expert's testimony is reliable, and ultimately, whether the testimony is, in fact, reliable." *Id.* (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999)).  When evaluating expert testimony, the overarching concern is whether or not it is relevant and reliable.  "A party seeking to introduce expert testimony must show '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (quoting Fed. R. Evid. 702).  A court should "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.

> The gatekeeper function of the district court does not, however, replace trial on the merits.  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).  In performing its gatekeeper function prescribed under *Daubert*, the district court should approach its task "'with proper deference to the jury's role as the arbiter of disputes between conflicting opinions.  As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.'" *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., State of Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (per curiam) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).  Finally, "[t]he party offering the expert

must prove by a preponderance of the evidence that the proffered testimony satisfies the rule 702 test." *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

III.     Analysis

Nissan argues that Hannah failed to make relevant measurements and calculations that would be necessary to support his conclusions.  Absent those measurements and calculations, Nissan asserts, the opinions are not reliable.  The substance of Patton's response is less than half a page and merely states: "Hannah's opinion that the rollover was caused by the shifting of the cargo is not speculative.  Hannah conducted a calculation providing that the rollover was not caused by excessive speed because for one, he testified that he saw no evidence of hard breaking [sic]."  Resp. [46] at 2.  Plaintiff then states that Hannah's investigation is ongoing and that he hopes to "[c]ome up with more precise measurements." *Id.*

Plaintiff has not met his burden of establishing any of the three Rule 702 factors.  *See Smith*, 495 F.3d at 227 (quoting Fed. R. Evid. 702).  He has not shown that Hannah's opinion is based on sufficient facts or data; that the opinion is the result of reliable principles and methods; or that the expert reasonably applied those principles or methods to the facts.  *Id.*  Instead, the opinion appears to be unreliable and speculative.

Finally, as to the promised supplementation, the deadline for Hannah's report was July 7, 2014.  His opinions should have been properly supported on that date.  Trial is set for next month, and any after-the-fact investigation Hannah may now perform would be of questionable reliability.  It would also prejudice Nissan, which designated its experts by its deadline of August 7, 2014.  The motion is granted.

IV.     Conclusion

The Court has considered the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Nissan's Motion to Exclude James J. Hannah [35] is granted.

**SO ORDERED AND ADJUDGED** this the 9th day of February, 2015.

                                       s/ *Daniel P. Jordan III*
                                       UNITED STATES DISTRICT JUDGE